FILED
SUPERIOR COURT
OF GUAM

2019 FEB -5 PM 2: 34

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| DAVID WAATHDAD, ET AL., | **Superior Court Case No. CV0735-18** |
| Plaintiffs, | **DECISION AND ORDER** |
| vs. | **RE** |
| | **ADEQUACY OF SECURITY** |
| CYFRED, LTD., | |
| Defendant. | |

Following the Court's September 5, 2018 Decision and Order granting Plaintiffs' request for a preliminary injunction, the Court ordered Plaintiffs to post a bond of $75,000. The Court now considers whether a furnished promissory note satisfies Guam Rule of Civil Procedure 65(c)'s requirement for proper security. The Court finds that it does not, and ORDERS Plaintiffs to submit proof of security within 30 days of this Decision to support a continuation of the preliminary injunction.

### I. PROCEDURAL AND FACTUAL BACKGROUND

As discussed in prior Decisions and Orders, this action concerns Cyfred's foreclosures and attempted foreclosures of Plaintiffs' second lots in the Gill-Baza subdivision. Finding a threat of irreparable injury should the foreclosures proceed or should the foreclosed properties be further disposed of, the Court enjoined Cyfred from foreclosing on or holding further foreclosure sales on any of the second lots, or from further disposing of any lots already foreclosed on. Decision and Order re Mot. Prelim. Inj. at 9 (Sept. 5, 2018). The Court further ordered the

ORIGINAL

plaintiffs to furnish security in the amount of $75,000 pursuant to Guam Rule of Civil Procedure 65(c). *Id.*

The plaintiffs furnished a promissory note for $100,000.00, and claim that the balance owed under the note is $81,661.91 as of September 18, 2018. Pl.'s Security at 2, Ex. A (Sept. 28, 2018). The note is also executed by Cyfred and guaranteed by Mr. Francis Gill. The validity of the note is disputed in *Wong v. Cyfred, Ltd., et al.*, CV0425-18.

## II.    LAW AND DISCUSSION

Rule 65(c) demands that a preliminary injunction applicant furnish security in such sum as the court deems proper. *See Teleguam Holdings, LLC v. Territory of Guam*, 2015 Guam 13 ¶ 34 (finding that a court has wide discretion to set a bond amount and can even set it at zero if appropriate). The rule "assures the enjoined party that it may readily collect damages from the funds posted or the surety provided...without further litigation and without regard to the possible insolvency of the assured." *Continuum Co. v. Incepts, Inc.*, 873 F.2d 801, 802 (5th Cir. 1989). It also "provides the plaintiff with notice of the maximum extent of its potential liability." *Id.*; *see also Nokia Corp. v. InterDigital, Inc.*, 645 F.3d 553, 557–58 (2d Cir. 2011); *Glob. Naps, Inc. v. Verizon New England, Inc.*, 489 F.3d 13, 21 (1st Cir. 2007); *Nintendo of Am., Inc. v. Lewis Galoob Toys, Inc.*, 16 F.3d 1032, 1037 (9th Cir. 1994) (requiring security discourages "parties from requesting injunctions based on tenuous legal grounds," helps assure judges that defendants will receive compensation for their damages in cases where it is later determined a party was wrongfully enjoined.

The promissory note posted by Plaintiffs does not constitute adequate security because its validity and enforceability are still in dispute in another case. Though the note may be worth more than the required bond, its availability as recourse remains suspect until CV0425-18 is

ORIGINAL

resolved. The note, as Cyfred characterized it, is "a contingent debt" that this Court may or may not find to be valid and enforceable in CV0425-18. Br. in Opp'n, 3 (Oct. 9, 2018). If the Court finds the note to be invalid in CV0425-18, then Cyfred in this case would not be able to readily collect damages without further litigation and without regard to possible insolvency. It does not matter that the note is executed by Cyfred--its validity is still in dispute.

Both parties analyze the validity of the note and in that way attempt to prove the adequacy of the security, but that issue is not before the Court in this case. In permitting the preliminary injunction to continue, the Court must have assurances that Cyfred has recourse to damages in the event Cyfred prevails on the underlying merits of this case. Requiring security that a defendant can readily collect on is part of this assurance, and the plaintiffs must submit such security.

## III.    CONCLUSION

Based on the foregoing arguments, the Court rejects the $100,000.00 promissory note as adequate security. The Court ORDERS Plaintiffs to furnish alternative security in the amount of $75,000.00 within 30 days of this Decision and Order in order to preserve the preliminary injunction. The nature of the security proffered must be consistent with the principles discussed above.

SO ORDERED this 5th day of February 2019.

SERVICE VIA COURT BOX

I ack..... vledge that a copy of the
 original hereto was placed in the
 court box of:

WONG
VAN DE VELD

Date: 2/5/19   Time 2:44pm

MARKA

Deputy Clerk, Superior Court of Guam

HON. ELYZE M. IRIARTE
**Judge, Superior Court of Guam**

Appearing Attorneys:
Wayson W. S. Wong for David Waathdad, *et al.*
Curtis C. Van de veld for Cyfred, Ltd.

ORIGINAL